**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WARNER BROS. ENTERTAINMENT INC.**

                           **Plaintiff,**

              **vs.**                                **5:06-CV-0228**
                                                     **(NAM/DEP)**

**JAMIE BOWERS,**

                                    **Defendant.**
_____


**APPEARANCES:**                        **OF COUNSEL:**

Loeb, Loeb Law Firm                     Alexandra N. DeNeve, Esq.
345 Park Avenue
New York, NY 10154-0037
and
Hiscock, Barclay Law Firm               John D. Cook, Esq.
One Park Place                          Richard K. Hughes, Esq.
300 South State Street
Syracuse, NY 13202-2078
*Attorneys For Plaintiff*

**Norman A. Mordue, Chief U.S. District Judge**

<u>**MEMORANDUM DECISION AND REFERRAL ORDER**</u>

      Presently before the Court is plaintiff's motion for an order granting default

judgment against defendant Jamie Bowers on the first and only cause of action in the Complaint,

infringement of copyrights in violation of the Copyright Act, 17 U.S.C. §  101 *et seq*., an award of

statutory damages pursuant to 17 U.S.C. § 504(c), an award of attorney fees and costs pursuant to

17 U.S.C. § 505, and permanent injunctive relief.

      According to plaintiff's pleading and submissions, plaintiff is the copyright owner

or licensee of exclusive rights under the Copyright Act with respect to the following motion

picture, including, but not limited to: *"Constantine"*; ( the "Copyrighted Motion Picture").

Complaint, Exhibit A.  Plaintiff possess the exclusive rights, under the Copyright Act, to

reproduce and distribute the Motion Picture to the public.  Plaintiff has placed proper notices

advising the viewer of the copyright pursuant to 17 U.S.C. § 40 on the Copyrighted Motion

Picture  that the motion picture is protected by the copyright laws.

Plaintiff alleges in the complaint that defendant, without its permission or consent, has

used and continues to use an online media distribution system to distribute to the public,

including by making available for distribution to others, on or about April 24, 2005, the

Copyrighted Motion Picture.  Plaintiff avers that defendant's willful and intentional acts of

infringement have violated plaintiff's exclusive rights of reproduction and distribution and

infringed plaintiff's copyrights in violation of the Copyright Act.  As a result, plaintiff seeks

statutory damages in the amount of $6,000, an award of attorney fees and costs in the amount of

$2,428.01, and permanent injunction relief.

### Discussion

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be

entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli*

*Haulers, Inc*., 672 F.Supp. 72, 74 (N.D.N.Y. 1987).  Rule 55(b)(2) and Local Rule 55.2 set forth

the procedural prerequisites plaintiff must meet before its motion for default judgment may be

granted.  Plaintiff must: (1) properly serve defendant with a summons and complaint (to which no

response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth

the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or

incompetent, or in the military service.  *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Plaintiff filed the complaint on February 23, 2006, and served defendant on March 6, 2006. Defendant has not answered or otherwise appeared in this action. On April 20, 2006, 2006, plaintiff requested and obtained a Clerk's Entry of Default. Plaintiff has submitted an affidavit by its counsel asserting that there is no reason to believe that defendant is in the military service or that the defendant is an infant or incompetent. Therefore, because plaintiff has fulfilled the procedural prerequisites for default judgment and defendant has not opposed the present motion, the Court will address liability.

### *Liability*

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, at *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in plaintiff's complaint are therefore presumed accurate. To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ls, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted); *see Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir.) ("To establish an infringement of a copyright, a plaintiff must show both ownership of a copyright and that defendant copied the protected material without authorization.") (citations omitted), *cert. denied*, 506 U.S. 934 (1992).

According to the complaint, the Copyrighted Motion Picture at issue in this case is subject to a valid Certificate of Copyright Registration issued by the Register of Copyrights and is owned by or licensed to the plaintiff. The complaint further alleges that defendant, without plaintiff's permission or consent, has used and continues to use an online media distribution system to

download, distribute, and/or to make available for distribution to others the Copyrighted Motion Picture at issue in this case.  Therefore, defendant's conduct, as alleged violates the Copyright Act.  Accordingly, plaintiff is entitled to default judgment pursuant to Fed. R. Civ. P. 55.

### *Damages*

As previously stated, plaintiff also seeks an award of damages, attorney fees, costs, and permanent injunction relief.  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Id*.  Accordingly, this matter is hereby referred to the Honorable David E. Peebles: for the purpose of conducting a hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiff's damages;  to prepare and forward to the undersigned a Report Recommendation regarding the type and amount of such damages upon which he determines plaintiff is entitled to have judgment entered; and to make proposed findings of fact and conclusions of law regarding plaintiff's request for entry of a permanent injunction.

**Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendant Jamie Bowers in failing to answer the Complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant on April 21, 2006, and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment against defendant is

4

**GRANTED**; and it is further

**ORDERED** that this matter is referred to the Honorable David E. Peebles for the purpose of conducting a hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages; and it is further

**ORDERED** that Magistrate Judge Peebles prepare and forward to the undersigned a Report Recommendation regarding the type and amount of such damages upon which he determines plaintiff is entitled to have judgment entered as well as proposed findings of fact and conclusions of law regarding plaintiff's request for entry of a permanent injunction.

**IT IS SO ORDERED.**

Dated: February 13, 2007
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge